By the Court.

Charles B. Dufau, one of the appellants, and Charles Massicot and Louis Joseph Laurent Wiltz, the appellees, were Owners of a sugar plantation, situated in the parish 01 ' r of Plaquemines, During the existence of their . ° . partnership, two suits were brought against them in the court of that parish, one by Dufau himself, one of the partners, for considerable advances by him made to the concern, and the other by P. Dubourg, an hypothecary creditor of the partnership to a large amount. While these suits pending, Charles Massicot thought it necessary to bring an action*, in the samp court, against his copartners Dufeu and Wiltz, soliciting a dissolu *290 tion of the partnership, and a salé of the joint property, fpr the purpose of paying the partnership’s debts and finally liquidating the concern ; at the same time praying a consolidation of his action with those of Dufau and Dubourg. To the dissolution of the partnership and consolidation of the suits all the parties interested gave their assent, and the court decreed accordingly, the dissolution of the partnership and sale of the plantation, slaves and other dependencies, payable, to wit, in cash, the amount necessary to satisfy the debts then due, and the remainder at one and two years credit. From this judgment, Wiltz claimed an appeal, to the late superior court, but no security having been furnished by him, according to law, execution issued, and after a first adjudication which could not be carried into effect, the property of the partnership was, on a second exposure, finally struck off to Mansuy Pelletier, one of the appellants. Seven or eight months after the close of those proceedings, the present suit was brought by the appellees, in the court of the first district, praying that the sale made to Mansuy be declared illegal and void, and that they may be Restored to the possession of the property sold. From the judgment which they there obtained in their favour, the present appeal has been claimed.
The plaintiffs below, now the appellees, have raised a variety of objections against the validity *291 of the proceedings under which the sale of 1 , & > . property of their partnership was made to Man-suy Pelletier.
The first of them, that on which is bottomed the judgment of the district court, is that the judgment of the parish court of Plaquemines, and the proceedings in execution of it, were written in the French language, at a time when, according to the provisions of our constitution,' they ought to have been written in English.
The judgment is dated the 20th May of 1812 ; the constitution which provides that all judicial proceedings in this state shall be in English, had been approved by Congress more than one month before ; but admitting, it is said, that the provisions of the constitution could not be in force before the official information of that approbation reached us, yet that information having been received shortly after the judgment was rendered and before any execution had issued, the execution, at least, and the other proceedings under the judgment are void as having been written only in the French language.
It has already been said by this court, ante 2, Bermudez vs. Ibanez, that the permanent government to be established under our constitution, and the temporary administration provided for by the schedule annexed to that constitution, were separate and unconnected. All the provisions of *292 the constitation were applicable to the goverhment to* be organised Under it, none of them to the temporary government. The express object; of the schedule was to maintain the order, of things then existing,' ‘has if nó cíiange had takeii place,” until the permanent government could be organised. That organisation was not the work of a day, as some persons may have fancied. It was to take place by degrees : the legislature was first to be created ; then the executive ; then the judiciary. In each branch of the government the constitution could not go into operation before the late authorities were superceded by those of new creation. Any other construction of the constitution and schedule, would make their dispositions contradictory and confuse. In this particular instance a Judge' unacquainted with the English language was authorised by the schedule to continue his functions \ yet how could he continue, if the constitution required him to render his judgments in a language, unknown to him? Such are the absurdities into which wfe are led, when we lose sight of the plain sense of the constitution and schedule, which shows, that the provisions of the constitution were made for the government to be organised under it, and that in the mean time every thing was to go on as formerly.
The other objections of the plaintiffs to the validity of the proceedings of the parish court of *293 Plaquemines in these suits are all grounded on the omission of some of the formalities prescribed by the act regulating the practice of the superior court in cases of execution upon judgments for the recovery of money. It is therefore necessary, before they are examined separately, to enquire Whether those were the- rules which ought to have been observed in this instance. ,~
The appellants contend that in these consolidated cases the principal suit is that in which the dissolution and liquidation of the partnership were denianded, agreed to and ordered; that this is an action of partition to which' the others are only accessory. This appears, indeed, to be the true nature of these actions. The principal action, undoubtedly, is that in which a general liquidation of the interest of all parties is to take place. A sale of all the property of the partnership, for the double -purpose of paying all the partnership’s debts, and giving each partner his share of the net proceeds, though assimilated by the expressions of the judgment to a sale under execution, has more of the features of a licitation than of a sale of property seized. What makes it liable to be confounded with a forced sale is the opposition of some of the parties to the judgment and execution ; but that opposition could not be against the sale itself, for after the dissolution df the partnership agreed to by all the parties, the partition was a matter of course, and none of them did ever pretend that it *294 could be effeted in any other manner than by a sale. The opposition then must have been against the terms of sale ; but the Judge by fixing the terms of this sale did no more than what must be done whenever the parties to a partition cannot agree on the terms or manner of selling their joint property. He also attended to the rights of the creditors of the partnership who could not be compelled to wait. But still the principal action, in these consolidated suits, was that in which the dissolution and liquidation of the partnership, and of course the partition of the partnership’s property, were to take place ; and the rules of proceeding in cases of partition are those which were to be observed on this occasion. The practice, in such cases, is not very particularly defined. But it appears to us that all the necessary formalities have been fulfilled. Indeed, should the rules of proceeding prescribed, by the act regulating the practice of the, superior court, have been of indispensable observance in this instance, it is , by no means evident that they were violated.
The want of a demand of payment in a case where the debtor himself consents to the sale of his property, for the satisfaction of his debts, cannot be seriously complained of.
The second exposure of the property for sale, before the expiration of the delay prescribed in cases where no adjudication could take place the *295 first time, was no fault in a case where on a first exposure the property had been struck off to a bidder* who could not comply with the conditions of the adjudication.
The only objection of any moment is that the umpire, instead of taking into consideration/ the appraisements already made, thought fit to give his own opinion without regard to them, and valued the property less than any of them had done. In this however he acted not against law : for in matters of partition Febrero lays it down as a principle (See Juicios chap. 1, sect. 3, art. 128,) that the umpire is not bound by the opinions of the preceding appraisers, but may follow his own judgment. He excepts only the case where the umpire has been appointed by the parties themselves ; but whatever be his reasons for admitting that exception, they are foreign to the present question.
Upon the whole, this court do not see that any material irregularity has taken place in this case. Nor does it appear that injustice has been done to any of the parties. The appellees were under the pressure of two very heavy claims, when one of them offered and the other consented to the dissolution and liquidation of the partnership. That could not be done without selling their property’, and selling it in such a manner as to satisfy the creditors who were threatening them tvith execu *296 tions. The repeated offers whichcwere made to them by the purchaser to let them have the property on the same, and even on more easy terms than those on which he bought it, and which were constantly rejected, though .they could not influence the decision of this court on legal questions, go a great way to convince them that no injury has been done to the appellees, by the manner in which the proceedings were conducted.
It is, therefore, adjudged and decreed that the judgment of the district ccfurt be reversed ; and that judgment be, entered for the appellants with costs.